Matter of Manahata Med. Servs. P.C. v Kohli

2026 NY Slip Op 03036

May 14, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Manahata Medical Services P.C. et al., Appellants,

v

Geeta Kohli, Respondent.

Decided and Entered:May 14, 2026

CV-24-1937

Calendar Date: March 26, 2026

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher And McShan, JJ.

Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Alexandra D. Finocchio of counsel), for appellants.

Whiteman Osterman & Hanna LLP, Albany (Gabriella R. Levine of counsel), for respondent.

[*1]

Reynolds Fitzgerald, J.

Appeal from an order of the Supreme Court (Amy Quinn, J.), entered November 1, 2024 in Warren County, which, in a combined proceeding pursuant to RPAPL article 7 and action, granted respondent's motion to, among other things, dismiss the petition/complaint.

Sanjay Tewari and respondent were married in 2010. In 2019, they purchased a vacation home in the hamlet of North Creek, located in the Town of Johnsburg, Warren County (hereinafter the property). Respondent commenced a divorce action in 2021. After protracted procedural history not relevant here, Supreme Court (Waterman-Marshall, J.), New York County, in a July 8, 2024 order following a financial trial, awarded respondent "immediate exclusive use and occupancy" of the property. The court directed respondent to rent the property to pay the carrying costs and mortgage, which Tewari had refused to pay throughout the divorce action, and authorized respondent to sell the property and retain the net sales amount to satisfy both her equitable interest in the property and to partially satisfy any amount remaining on her substantial distributive award, which was addressed by the same order. In a separate order issued the same day, the court appointed respondent as receiver of the property. A judgment of divorce, dated August 8, 2024, incorporated both July 2024 orders. In addition to restating that respondent was granted immediate use and occupancy, and a receivership, of the property, the judgment also directed that "any businesses, persons' rights, claims, or lease agreements entered into by [Tewari] for the [property] without [respondent's] knowledge or consent were without legal capacity and immediately void effective July 8, 2024."

Days later, petitioners commenced this hybrid proceeding and action against respondent. Petitioners were two businesses solely owned by Tewari that alleged to be commercial tenants at the property (hereinafter the business petitioners) and two individuals (hereinafter the individual petitioners). One of the individual petitioners allegedly had entered into an employment contract with one of the business petitioners that included accommodations at the property, and the other individual petitioner allegedly entered into a lease agreement with Tewari where petitioner would perform maintenance and yardwork around the property in lieu of paying rent. According to the petition/complaint, after respondent was appointed receiver of the property, she evicted petitioners by changing the locks, thereby violating various provisions of RPAPL article 7. Petitioners also sought treble damages, pursuant to RPAPL 853.FN1

Respondent moved, pre-answer, to consolidate this action with the divorce action in New York County, and to dismiss the complaint, arguing that the July 2024 orders in the divorce action terminated any agreements petitioners had to use the property because respondent had no knowledge of these agreements. Petitioners opposed both branches of respondent's motion. Supreme [*2]Court (Quinn, J.), Warren County, thereafter held a limited evidentiary trial, pursuant to CPLR 3211 (c), to permit the parties to elicit testimony regarding respondent's knowledge, or lack thereof, of petitioners' agreements to use the property. Following the hearing, Supreme Court found that respondent did not know about petitioners' agreements to use the property, and granted respondent's motion to dismiss. Petitioners appeal, and we now affirm.

Initially, petitioners waived any challenge to the immediate trial held by Supreme Court pursuant to CPLR 3211 (c) to address the limited factual issue of whether respondent had knowledge of petitioners' agreements to use the property. Petitioners did not object to Supreme Court conducting same and, in fact, actively participated in that proceeding (see HSBC Bank USA, N.A. v Corazzini, 148 AD3d 1314, 1315 [3d Dept 2017], lv dismissed 29 NY3d 1040 [2017]; Gottesman Bus. Brokers v Goldman Fire Prevention Corp., 238 AD2d 250, 250 [1st Dept 1997]).

Because any issues related to the propriety of holding a limited trial are not properly before this Court, and petitioners do not challenge Supreme Court's factual findings from that trial, we turn next to whether documentary evidence — namely the July 2024 orders and the August 2024 judgment of divorce from the divorce action — utterly refute petitioners' causes of action. We hold that these documents are dispositive and that Supreme Court correctly granted respondent's motion to dismiss.

On a motion to dismiss pursuant to CPLR 3211, a court must liberally construe the pleadings, accept as true the facts as alleged in the complaint, and afford petitioners the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Colt v Nathan Littauer Hosp., 236 AD3d 1216, 1217 [3d Dept 2025], lv denied 44 NY3d 903 [2025]). "A motion to dismiss on the ground that the action is barred by documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (CGreen, LLC v Quantum Impact Steel, LLC, 232 AD3d 974, 975 [3d Dept 2024] [internal quotation marks and citations omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). "[J]udicial records, as well as any other papers, the contents of which are essentially undeniable [may] qualify as documentary evidence in the proper case" (Zeppieri v Vinson, 190 AD3d 1173, 1175 [3d Dept 2021] [internal quotation marks, ellipsis and citations omitted]).

The orders and judgment from the divorce action conclusively refute petitioners' claims. On appeal, petitioners assert that they have stated causes of action under both RPAPL 713 (10) and 853. However, under section 713 (10), respondent must have entered the property "by force or unlawful means." Respondent did neither but, rather, took possession of the property pursuant to the July 2024 orders in the divorce [*3]action. Moreover, a claim under section 853 requires petitioners to demonstrate that they were tenants "entitled to possession of the premises" (Dinger v Cefola, 133 AD3d 816, 817 [2d Dept 2015]; see Tantaro v Common Ground Community Hous. Dev. Fund, Inc., 147 AD3d 684, 684-685 [1st Dept 2017], lv dismissed 30 NY3d 1016 [2017]). The orders and judgment in the divorce action, however, conclusively refute that petitioners were tenants at the time respondent took possession of the property because those documents voided all earlier agreements concerning the property about which respondent had no knowledge.

Finally, we reject petitioners' argument that the orders and judgment in the divorce action are not binding on petitioners because they were necessary parties to that action (see generally CPLR 1001 [a]). This claim amounts to nothing more than an impermissible collateral attack on the judgment of divorce (see 224 Lefferts Ave. Hous. Dev. Fund Corp. v Haile, 245 AD3d 765, 767 [2d Dept 2026]; Lippman v Lippman, 204 AD2d 1057, 1057-1058 [4th Dept 1994]). Instead of bringing a new action seeking affirmative relief from the divorce court's orders and judgment before a court of coordinate jurisdiction, petitioners should have moved in the divorce action to vacate the relevant portions of the orders and judgment (see CPLR 5015 [a] [4]; Gilliam v Discover Bank, 192 AD3d 1444, 1445 [3d Dept 2021], appeal dismissed 37 NY3d 927 [2021], cert denied ___ US ___, 142 S Ct 337 [2021]). We have considered petitioner's remaining contentions and have found them to be without merit or rendered academic.

Aarons, J.P., Pritzker, Fisher and McShan, JJ., concur.

ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1

Although the petition/complaint also sought possession of the property, petitioners discontinued this request for relief, with prejudice, after the property was sold to a third party in February 2025.